**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **MARY ROBERTS** § | |
| § | |
| § | **CIVIL NO. 2:17-cv-690** |
| **VS.** § | **JURY DEMANDED** |
| § | |
| § | |
| **BENEVIS, LLC D/B/A KOOL SMILES PC** § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### I. JURISDICTION AND PARTIES

1.  Jurisdiction of this Court is invoked pursuant to Section 107(a) of the Americans with Disabilities Act (hereinafter "ADA"), 42 U.S.C. § 12117, which incorporates by reference § 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5, providing for relief against discrimination on the basis of disability in employment.

2.  All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. § 2000e-5(f)(3), have occurred or been complied with:

    (a) a charge of employment discrimination on the basis of disability was filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the commission of the unlawful employment practice alleged herein.

    (b) A Notification of Right to Sue was received from the EEOC on September 20, 2017.

    (c) This Complaint has been filed within 90 days of receipt of the EEOC's Notification of Right to Sue.

3.  Plaintiff, Mary Roberts, is a citizen of the United States and the State of Texas who resides in Greggg County, Texas.

4.  All the discriminatory employment practices alleged herein were committed within the State of Texas.

5. Defendant, Benevis, LLC d/b/a Kool Smiles PC (hereinafter "Kool Smiles"), has continuously been and is doing business in Gregg County, Texas. Benevis, LLC may be served by delivering a copy of the Complaint to its registered agent for service, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

6. KOOL SMILES is a "person" within the meaning of § 101(7) of the ADA, 42 U.S.C. § 12111(7), and § 701 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

7. KOOL SMILES is engaged in an industry that affects commerce within the meaning of Section 101(7) of the ADA, 42, U.S.C. § 12111(7), and Section 701 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

8. KOOL SMILES employs 15 or more employees and is an "employer" within the meaning of Section 101(5)(A) of the ADA, 42 U.S.C. § 12111(5)(A).

## II. STATEMENT OF FACTS

1. Plaintiff was an employee of Defendant. Plaintiff was hired as a chair side dental assistant.

2. In May 2014, Plaintiff sustained an on-the-job injury when she tripped and fell. Plaintiff hurt her right hip, back, broke her right elbow, and missed work for eight weeks. The injury was covered by worker's compensation.

3. Plaintiff sustained another on-the-job injury in November, 2014 when she tripped and fell. She sustained an injury to her hip and low back. Plaintiff continued to work after this injury, but reported the injury as a worker's compensation claim.

4. In January 2015, Plaintiff missed four months from work due to a heart attack.

5. In December 2016, Plaintiff's back 'went out' due to her previous on-the-job back injury. Plaintiff was unable to work and sought medical attention. Plaintiff's doctor took her off work until January 23, 2017. When the doctor released her, he placed a two hour per day restriction on bending/stooping, as reflected on the Texas Workers' Compensation Work Status Report.

The essential functions of plaintiff's position as a chair side assistant did not require her to bend/stoop for more than two hours per day.

6.    Plaintiff presented the Texas Workers' Compensation Work Status Report to Kool Smiles and after 2 weeks of consideration by the company, Plaintiff was terminated because of her restrictions.

7.    Plaintiff believes she was discriminated against because of her permanent physical impairments in violation of the Americans with Disabilities Act.

### III. CLAIMS FOR RELIEF

#### (A) Americans with Disabilities Act

11.   From the time of Plaintiff's diagnosis, Plaintiff has been an individual with a "disability" within the meaning of Section 3(2) of the Americans with Disabilities Act, 42 U.S.C. § 12102(2). More particularly, Plaintiff has a physical impairment that substantially limits one or more of her major life activities, has a record of such an impairment, and was regarded by Defendant as having such an impairment.

12.   Plaintiff is a "qualified individual with a disability" as that term is defined in § 101(8) of the ADA, 42 U.S.C. § 12111(8). More specifically, Plaintiff is an individual with a disability who, with reasonable accommodation, can perform the essential functions of her job with Defendant.

13.   Despite her doctor's directives regarding the limitation on Plaintiff's physical limitations, Defendant refused to make reasonable accommodation to Plaintiff.

14.   Defendant's failure to make reasonable accommodation to Plaintiff's physical disability constitutes discrimination against Plaintiff with respect to terms, conditions, or privileges of employment. Defendant's actions constitute a violation of Section 102(b)(5)(A) of the ADA, 42 U.S.C. § 12112(b)(5)(A).

15.   Defendant failed to undertake any good faith efforts, in consultation with Plaintiff, to identify

and make a reasonable accommodation with Plaintiff.

16. In failing to make reasonable accommodation to Plaintiff's physical disability, Defendant acted with malice or with reckless indifference to the federally protected rights of Plaintiff.

17. Alternatively, Defendant directly discriminated against Plaintiff in terminating her on the basis of her actual or perceived disability in violation of the ADA.

### (B) Worker's Compensation Retaliation

8. Plaintiff alleges that she was discriminated and retaliated against in violation of Texas Labor Code § 451.001 et. seq. because she had engaged in protected activities under the Texas Worker's Compensation Act.

9. Plaintiff seeks back pay, front pay and or lost wages and benefits in the past and future. Further, Plaintiff is entitled to compensatory damages, including pecuniary damages, mental anguish or emotional pain and suffering, inconvenience, and loss of enjoyment of life in the past and in the future.

10. Additionally, Plaintiff is entitled to recover punitive damages against Defendant because Defendant acted with malice or, at least, with reckless and/or conscious indifference to Plaintiffs' state protected rights to be free from discrimination and retaliation, as contemplated by Texas Labor Code Section 451.

### IV. DAMAGES

17. As a direct and proximate result of Defendant's discrimination on the basis of disability and violation of the ADA and./or violation of Texas Labor Code §451.001 *et seq.*, Plaintiff has suffered lost wages and benefits and lost employment opportunities.

18. Defendant's violation of Plaintiff statutory rights has caused, continues to cause, and will cause Plaintiff to suffer substantial damages for pecuniary losses, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

19. Plaintiff's harm was a result of the Defendant's actual malice or reckless indifference to Plaintiff's protected rights, thus Plaintiff seeks exemplary damages.

21. Plaintiff is entitled to recover her reasonable and necessary attorney's fees pursuant to 42 U.S.C. § 2000e.

22. Plaintiff demands trial by jury.

## V. RELIEF REQUESTED

23. Plaintiff requests the judgment of this Court against Defendant as follows:

   (a) Find and hold that Plaintiff has suffered from Defendant's acts of discrimination on the basis of her disability;

   (b) Order that Plaintiff be awarded the back pay she would have earned, with related monetary benefits and interest thereon, but for Defendant's acts of discrimination/retaliation;

   (c) Order that Defendant reasonably accommodate Plaintiff;

   (d) Award Plaintiff compensatory damages in an amount to be determined at trial of this matter;

   (e) Requiring Defendant pay to Plaintiff damages for mental distress imposed upon Plaintiff through and as a result of the aforementioned discriminatory acts;

   (f) Award Plaintiff her attorney fees, including litigation expenses, and the cost of this action; and

   (g) Grant such other and further relief as may be just and proper.

Respectfully submitted,

___/s/_____
William S. Hommel, Jr.
State Bar No. 09934250
HOMMEL LAW FIRM
1404 Rice Road, Suite 200
Tyler, Texas 75703
(903) 596-7100
(469) 533-1618 Fax

ATTORNEY FOR PLAINTIFF